# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIS HROBUCHAK,<br>Plaintiff | : No. 1:17-CV-2173<br>:<br>: |
| v. | : (Chief Judge Conner)<br>: |
| TRANSCONTINENTAL<br>REFRIGERATED LINES, INC., et al.<br>Defendants | : Electronically Filed Document<br>:<br>: *Complaint Filed 10/23/17* |

## BRIEF IN SUPPORT OF DEFENDANTS TRANSCONTINENTAL REFRIGERATED LINES, INC, REES GRIFFITHS, ESQ, JOHN UHLER, ESQ., AND CGA LAW FIRM, PC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Submitted by Defendants*

# TABLE OF CONTENTS

Table of Authorities.................................................................*ii*

I.   Procedural History..............................................................1

II.  Statement Of Facts.............................................................2

III. Statement Of Questions Involved......................................5

IV.  Argument..........................................................................5

    A.   Complaint Fails to Provide Adequate Grounds for the Claim..........6

    B.   Claims are Barred by Doctrine of Collateral Estoppel...................8

    C.   Defendants Enjoy Quasi-Judicial Immunity from this Action.........11

V.   Conclusion.......................................................................14

# TABLE OF AUTHORITIES

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).......................6

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010))...............6

U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 394 (3d Cir. 2002)..........7

Villani v. Seibert, 159 A.2d 478, 490-93 (Pa. 2017).............................7

Mansman v. Tuman, 970 F.Supp. 389 (E.D. Pa. 1997)..........................7

Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244

(3d Cir. 2006)...................................................................9

Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995).......................9

In Re: J & S Properties, LLC., 872 F.3d 138 (3d Cir. 2017)...................11

Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164,

(3d Cir. 2016)..................................................................12

In Re: J & S Properties, LLC., 872 F.3d, at 146..............................12

In re Harris, 590 F.3d 730, 742 (9th Cir. 2009)................................12

In re VistaCare Grp., LLC, 678 F.3d 218, 227 (3d Cir. 2012)..................13

**Statutes and Other Authorities:**

F.R.C.P. 12(b)(6).................................................................5

Dragonetti Act, 42 Pa.C.S.A. § 8351..:..................…...................7

42 Pa.C.S.A. § 8351(a).........................................................7

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIS HROBUCHAK, Plaintiff | : No. 1:17-CV-2173 : : |
| v. | : (Chief Judge Conner) : |
| TRANSCONTINENTAL REFRIGERATED LINES, INC., et al. Defendants | : Electronically Filed Document : : *Complaint Filed 10/23/17* |

**BRIEF IN SUPPORT OF DEFENDANTS
TRANSCONTINENTAL REFRIGERATED LINES, INC,
REES GRIFFITHS, ESQ, JOHN UHLER, ESQ.,
AND CGA LAW FIRM, PC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Transcontinental Refrigerated Line, Inc. by Lawrence V. Young, Liquidating Agent, Rees Griffiths, Esq, John Uhler, Esq., and CGA Law Firm (hereinafter referred to collectively, but excluding the unserved Defendant, Eric Suter, Esq., as the "**Defendants**") hereby file the within brief in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint against each of them. The Court should dismiss the complaint because it fails to state a claim against Defendants upon which relief can be granted, it is collaterally estopped, and it is barred by immunity.

I. **PROCEDURAL HISTORY**

This matter was initiated by the filing of a Complaint by the Plaintiff, Janis

Hrobuchak, in the Court of Common Pleas of Lackawanna County, Pennsylvania at No. 17-CV-5614 on October 23, 2017. The Complaint was served upon Defendant Transcontinental Refrigerated Lines, Inc. (hereinafter referred to as "**TRL**") on November 2, 2017. Defendants Griffiths, Uhler, and CGA Law Firm, P.C. (hereinafter collectively referred to as the "**CGA Defendants**") received service of the Complaint on November 9, 2017.

TRL filed a Notice of Removal Under 28 U.S.C. § 1452 to this Honorable Court on November 27, 2017. Defendants filed a Motion to Dismiss Plaintiff's Complaint on December 4, 2017. Defendants now file the within brief in support of this Motion.

## II. STATEMENT OF FACTS

The following is a statement of facts which are composed of allegations of fact contained in Plaintiff's Complaint or are otherwise established of record. Allegations of fact contained in the Complaint are presumed to be true solely for the purposes of this Motion.

The Complaint charges Defendants with wrongful use of civil proceedings arising from a prior litigation tried before this Honorable Court at 1:13-CV-02163-CCC (hereinafter referred to as the "**Fraudulent Transfer Case**"). 5.

Defendant TRL is a Pennsylvania business corporation and the debtor in a case currently pending under chapter 11, title 11 United States Code before the

United States Bankruptcy Court for the Middle District of Pennsylvania at case number 5:08-bk-50578-JJT (hereinafter referred to as the "**Bankruptcy Case**"). Lawrence V. Young, Esq. was appointed by order of the Bankruptcy Court as the Liquidating Agent for TRL, vested with the authorities and powers of a trustee, and the CGA Defendants were appointed by order of the Bankruptcy Court as Counsel for Liquidating Agent. *See* Bankruptcy Case Doc. 384.

In accordance with their appointment as Counsel for Liquidating Agent, and on the instruction of the Liquidating Agent, the CGA Defendants initiated the Fraudulent Transfer Case on behalf of TRL against, *inter alia*, Stephen Hrobuchak, the sole equity holder of TRL, and his wife, Janis Hrobuchak, the plaintiff herein. As set forth in the Second Amended Adversarial Complaint (Fraudulent Transfer Case Doc. 143), TRL alleged, *inter alia*, the fraudulent transfer of nearly $1,000,000 of TRL's accounts receivable directly to Mr. Hrobuchak (Counts I and II). Additionally, the Second Amended Adversarial Complaint alleges the fraudulent transfer of another nearly $1,000,000 of TRL's goodwill and intangible assets to Cherry Marine, LLC, a company organized under the laws of Nevis (a 36-square-mile island in the West Indies), owned by Mr. and Mrs. Hrobuchak in equal proportions (Counts VII and VIII). It is the latter claim that forms the basis of the instant action by Mrs. Hrobuchak as a claim against her, individually, was asserted for the "return of any of the property

[she] may have received from Cherry Marine." Fraudulent Transfer Case Doc. 143, ¶¶ 234, 241.

Through a long and complicated procedural history, the Fraudulent Transfer Case was ultimately tried by a jury in this Honorable Court on November 14-17, 2016. The jury returned a verdict against Mr. Hrobuchak with respect the charge of fraudulent transfer of accounts receivable from TRL to himself in the amount of $939,614.34. The jury also returned a verdict in favor of Mr. and Mrs. Hrobuchak on the charge of fraudulent transfer of good will and intangible assets from TRL to themselves. *See* Fraudulent Transfer Case Doc. 247.

Of significant concern to the instant action, prior to submitting the Fraudulent transfer case to the jury, Mrs. Hrobuchak, through counsel, moved for judgment as a matter of law in her favor on the basis that, *inter alia*, insufficient evidence was presented to establish her receipt of TRL property solely by virtue of her 50% ownership interest in Cherry Marine, LLC. This is—in substance and detail—the same argument being raised herein by Mrs. Hrobuchak to support her claim for wrongful use of civil proceedings. Providing a thorough analysis of the evidence presented and the applicable legal standards, this Honorable Court ruled that TRL had, as a matter of law, presented sufficient evidence of Mrs. Hrobuchak's receipt of TRL assets to submit the question to the jury.

## III. STATEMENT OF QUESTIONS INVOLVED

### A. Does the Complaint Provide Adequate Grounds for the Claim?

Suggested Answer: No, the Complaint does not provide adequate grounds for the claim.

### B. Are the Claims Barred by the Doctrine of Collateral Estoppel?

Suggested Answer: Yes, the claims are barred by the doctrine of collateral estoppel.

### C. Do Defendants Enjoy Quasi-Judicial Immunity from this Action?

Suggested Answer: Yes, Defendants enjoy quasi-judicial immunity from this action.

## IV. ARGUMENT

Plaintiff has failed to state a claim for which relief can be granted against Defendants. Pursuant to F.R.C.P. 12(b)(6), the matter should, therefore, be dismissed against all Defendants. Three separate grounds are present which, both independently and collectively, establish that relief cannot be granted against Defendants.

First, Plaintiff has failed to allege sufficient facts to establish each of the necessary elements of her claim. Second, Plaintiff's claim is collaterally estopped by this Honorable Court's ruling denying her judgment as a matter of law in the Fraudulent Transfer Case. Third, Lawrence V. Young, Esq. (i.e., TRL)

enjoys quasi-judicial immunity from this action by virtue of his position as a court-appointed liquidating agent, which is shared by the remaining Defendants by virtue of their position as court-appointed attorneys acting under the direction of Mr. Young.

### A. Complaint Fails to Provide Adequate Grounds for the Claim.

Under the standard set forth by the Supreme Court, to survive a motion to dismiss for insufficient pleadings, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Id.

In applying this standard, the Third Circuit has adopted a three-step approach:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)).

Although Plaintiff does not so specify in its Complaint, under Pennsylvania Law, which Plaintiff asserts and Defendants concur is the appropriate choice of

law governing this matter, the claim of wrongful use of civil proceedings is governed by the Dragonetti Act, 42 Pa.C.S.A. § 8351 *et seq.*, which codified and subsumed the common law cause of action. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 394 (3d Cir. 2002); Villani v. Seibert, 159 A.2d 478, 490-93 (Pa. 2017).

The Dragonetti Act specifically states the elements of the cause of action as follows:

**§ 8351. Wrongful use of civil proceedings**

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a). Plaintiff's Complaint utterly and completely fails to allege an adequate basis for the assertion that Defendants acted with improper purposes or without probable cause. Rather, Plaintiff merely recites the elements of the cause of action without providing any notice as to what alleged conduct gave rise to this claim. *See* Mansman v. Tuman, 970 F.Supp. 389 (E.D. Pa. 1997) (plaintiff failed to state claim under Dragonetti action against attorneys involved in

prior suit against plaintiff by failing to allege facts supporting a bald statement that attorneys acted with improper motive in bringing that suit).

Having provided no allegations of fact supporting a conclusion that Defendants acted with improper purpose or without probably cause, the instant Complaint should be dismissed.

**B.     Claims are Barred by Doctrine of Collateral Estoppel.**

To the extent that the Complaint raises any allegations of improper purposes or lack of probable cause with respect to Defendants' conduct in initiating the Fraudulent Transfer Case, it is merely these:

> [T]he only claims brought by Defendants against Plaintiff were because of Plaintiff's 50% ownership in Cherry Marine and the transaction that resulted in Cherry Marine receiving part of the compensation for Mr. Hrobuchak's agreement not to compete for five years and his continued employment for a six-month period.
>
> Despite the obvious fact that Plaintiff played no part in any of the transactions between [TRL] and New Prime, specifically the transaction that compensated Mr. Hrobuchak for his agreement not to compete and to continue working, Defendants still proceeded to add Plaintiff in the lawsuit [the Fraudulent Transfer Case] for over eight years.

Complaint, at ¶¶ 18-19.

It should be noted that Defendants do not, except for certain details, disagree with these allegations. Mrs. Hrobuchak was sued—under the Fraudulent Transfer provisions of the Bankruptcy Code—due to her 50% ownership in a company known as Cherry Marine, LLC. The allegations against Mrs. Hrobuchak

were that she, as a 50% owner of Cherry Marine, was ultimately in receipt of certain funds belonging to the debtor TRL, and that—as a result—any funds she received could be avoided under the Bankruptcy Code and she could be ordered to return the same to the debtor. The claims against Mrs. Hrobuchak never required any proof of improper motive or active participation on the part of Mrs. Hrobuchak. Indeed, and most importantly, this precise issue has already been raised and definitively determined by this Honorable Court in the Fraudulent Transfer Case.

The doctrine of collateral estoppel prohibits the raising of issues which have already been determined by a court in the course of a prior litigation. "Because litigants are likely to view an issue that is necessary to the resolution of a case as important and to litigate it vigorously, it is fair to give such a determination preclusive effect." Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 250 (3d Cir. 2006). Defensive use of collateral estoppel requires a court to examine the following elements:

> (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.

Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995). Each of these elements are clearly met in this case.

On November 16, 2016, this Honorable Court heard the presentation of, and

argument for, motions for judgment as a matter of law on behalf of both Mr. and Mrs. Hrobuchak. A true and correct copy of the transcript of this proceeding (hereinafter, the "**Transcript**") is attached hereto as **Exhibit "A"**. Mrs. Hrobuchak, by and through her counsel, presented a motion for judgment as a matter of law on the basis that she "never received anything of value or an asset from TRL." Transcript, at 5:23-24. This Honorable Court considered this motion and, after a recess, delivered its ruling as follows:

> Mrs. Hrobuchak maintains that she did not receive an interest of the debtor in property via the covenant not to compete and is entitled to judgment as a matter of law.
>
> The court finds that disputes of fact remain as to this issue which must be resolved by the jury. The parties have stipulated that Cherry Marine, L.L.C. received $940,000 under the covenant not to compete. Mr. Hrobuchak testified that Mrs. Hrobuchak had an ownership interest in at least two of the three separate Cherry Marine entities, and thus a reasonable juror could find that Mrs. Hrobuchak did in fact receive an interest of Transcontinental that may be recovered under Section 54(a) of the code. Accordingly I will deny Mrs. Hrobuchak's Rule 50 motion.

Transcript, at 8:9-21.

Thus it is clear that the same issue—whether or not sufficient evidence exists to establish a claim that Mrs. Hrobuchak received property of TRL—has been actually litigated and previously adjudicated by Mrs. Hrobuchak who was represented by counsel at the time. At such previous adjudication, this Honorable Court not found not only that the instant Defendants had probable cause to bring

that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 168–69 (3d Cir. 2016). Quasi-judicial immunity is, to the extent it applies, absolute.

While research has disclosed no clear opinion of the Third Circuit Court of Appeals as to the precise applicability of quasi-judicial immunity, well reasoned opinions of the Second, Eighth and Ninth Circuits have held that quasi judicial immunity applies to both court-appointed trustees or receivers as well as their attorneys. *See* In Re: J & S Properties, LLC., 872 F.3d, at 146 (Fisher, CJ concurring) (collecting various decisions of sister courts in support). In a case very similar to the instant matter, the Ninth Circuit Court of Appeals held it well-established that:

> Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order. Additionally, court appointed officers who represent the estate are the functional equivalent of a trustee. The doctrine of judicial immunity also applies to court approved attorneys for the trustee. Here [Trustee] and [Court-Appointed Assignee of Trustee] as the functional equivalent of the trustee for the purpose of prosecuting the fraudulent conveyance proceeding, and the Attorney defendants as the court-approved counsel for [Assignee of Trustee] all qualify for derived quasi-judicial immunity.

In re Harris, 590 F.3d 730, 742 (9th Cir. 2009).

Further, in order to effectuate the quasi-judicial immunity conferred by court-appointment, the Third Circuit Court of Appeals has held that where a

the action, but that Defendants actually met a much higher burden: a reasonable jury would have a legally sufficient basis in returning a verdict against Mrs. Hrobuchak. It is difficult to conceive of how, under circumstances in which the tribunal hearing the evidence found it sufficient to present the question to the jury at trial, Defendants could now be asserted to have acted without probable cause in having initiated the case at its outset.

Because the question of the cognoscibility and sufficient evidentiary support for the claims against Mrs. Hrobuchak have been adjudicated fully in a previous litigation, Mrs. Hrobuchak is collaterally estopped from asserting such claims here. Accordingly, the Complaint should be dismissed with prejudice.

### C. Defendants Enjoy Quasi-Judicial Immunity from this Action

Plaintiff's Complaint against Transcontinental Refrigerated Lines, Inc. by Lawrence V. Young, Liquidating Agent is barred by quasi-judicial immunity by virtue of his position as a court-appointed liquidating agent. Court appointed Bankruptcy trustees and other receivers are afforded both qualified immunity (in the performance of his or her discretionary functions) and quasi-judicial immunity (in the performance of duties that are necessary to the bankruptcy court's adjudication). See In Re: J & S Properties, LLC., 872 F.3d 138 (3d Cir. 2017).

To overcome qualified immunity, a plaintiff must plead facts showing "(1)

trustee or receiver, acting in his official capacity, "conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate... leave of [the appointing] court is still required before filing suit." In re VistaCare Grp., LLC, 678 F.3d 218, 227 (3d Cir. 2012). Because the nature of the appointment of Mr. Young as liquidating agent was limited to the consolidation, preservation and liquidation of the assets of TRL, Mrs. Hrobuchak was required to obtain leave of the Bankruptcy Court prior to the initiation of this action.

Finally, even if quasi-judicial immunity did not apply, Plaintiff's Complaint would fail to adequately plead the absence of qualified immunity. As discussed in Section A, above, Plaintiffs have failed to make any allegations which would rise to level of a violation of a well-established constitutional or statutory right held by Plaintiff on the part of the Defendants.

Accordingly, the Complaint should be dismissed as the claims against Defendants are, in total, protected by Defendant's quasi-judicial immunity.
As discussed in Section A, above, Plaintiffs have failed to make any allegations which would rise to level of a violation of a well-established constitutional or statutory right held by Plaintiff on the part of the Defendants.

## V. CONCLUSION

For the reasons set forth above, this Honorable Court should dismiss the Complaint against Defendants with prejudice.

Respectfully submitted,

Date: December 18, 2017

*s/ Alan C. Green*
Alan C. Green, Esquire
PA 314432
Hunter B. Schenck, Esquire
PA 318724
CGA Law Firm
135 North George Street
York, Pennsylvania 17401
(717) 848-4900
(717) 843-9039 (f)
agreen@cgalaw.com
hschenck@cgalaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIS HROBUCHAK,<br>Plaintiff | : No. 1:17-CV-2173<br>:<br>: |
| v. | : (Chief Judge Conner)<br>: |
| TRANSCONTINENTAL<br>REFRIGERATED LINES, INC., et al.<br>Defendants | : Electronically Filed Document<br>:<br>: *Complaint Filed 10/23/17* |

## CERTIFICATE OF SERVICE

I, Alan C. Green, counsel for Defendants, hereby certify that on December 18, 2017, I caused to be served a true and correct copy of the foregoing document titled Defendants Transcontinental Refrigerated Lines, Inc, Rees Griffiths, Esq., John Uhler, Esq., and CGA Law Firm's Brief in Support of Motion to Dismiss Plaintiff's Complaint to the following:

### VIA ECF

| | |
|---|---|
| Matthew B. Weisberg, Esq.<br>WEISBERG LAW<br>7 South Morton ave<br>Morton, PA 19070<br>*Attorney for Plaintiff* | Gary Schafkopf, Esq.<br>SCHAFKOPF LAW, LLC<br>11 Bala Ave.<br>Bala Cynwyd, PA 19004<br>*Attorney for Plaintiff* |

/s/ Meg Noble
Meg Noble, paralegal to
Alan C. Green, Esquire and
Hunter B. Schenck, Esquire
*Attorneys for Defendants*